IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Joseph Shannon Dutton, | ) | |
| | ) | Civil Action No. 6:14-3847-TMC-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Officer Andrew Guest, | ) | |
| Simpsonville Police Department; | ) | |
| Simpsonville Magistrate Court; | ) | |
| Greenville County; | ) | |
| Greenville County Detention Center; | ) | |
| and Unknown Clerk, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff is an inmate at the Greenville County Detention Center. He has brought suit against a police officer, the Simpsonville Police Department, the Magistrate Court at Simpsonville, Greenville County, the Greenville County Detention Center, and an unknown clerk at the Greenville County Detention Center. Pursuant to Local Civ. Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of a charge to which the plaintiff pled guilty in Magistrate Court. In his complaint, the plaintiff states that he and his ex-wife, Elisabeth Brook Dutton, have been divorced for eight years and have an eleven-year-old child and that they have "have a history of verbal confrontations, never involving violence" (doc. 1 at 3). On or about July 29, 2014, the plaintiff's ex-wife threatened the plaintiff with being beaten up by her current boyfriend while exchanging the child for visitation. The plaintiff claims that his ex-wife has made false statements to the Simpsonville Police Department "in order to gain leverage and to punish [the plaintiff] via the legal system."

The plaintiff argues that this case involves equal protection of the law, and he lists four causes of action. First, he argues that the police officer treated him unfairly and that the officer should have done a "proper investigation" by at least speaking with him (*id.* at 3-4). Secondly, the plaintiff argues that the Simpsonville Police Department failed to supervise Officer Guest (*id.* at 4). In the third claim, the plaintiff alleges that a state document was tampered with as someone changed the date the plaintiff's court appearance by using "white-out," causing him to stay in jail longer than the maximum 30 days (*id.*). Fourthly, the plaintiff states that he "pled guilty on a form after being told by the GCDC Corrections Officers that was the fastest way to get out of jail." He argues that this was bad legal advice which led him to falsely plead guilty (*id.* at 3, 5).

As a result of the actions noted above, the plaintiff claims he has been injured by the loss of his job. He fears that he will be arrested for failure to pay child support after he is released. He has been kept with dangerous criminals, has lost more than twenty pounds, and has not been able to sleep well. He is "terrified" of the police and "the system" and has developed a "serious medical condition" as a direct result of his stay in jail (*id.* at 5). In his prayer for relief, the plaintiff seeks compensation for lost wages and "pain and suffering," coverage of his child support payments and his medical bills, the "clear[ing]" of his record, and a jury trial (*id.*).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff discloses that he pled guilty to a charge in the Magistrate Court for Greenville County. As a result, the above-captioned case is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The plaintiff has neither alleged nor demonstrated that his underlying conviction or sentence has been invalidated; thus, this action is barred by *Heck*. *See Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989). The South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 424 S.E.2d 503 (S.C. 1992). Since the Magistrate Court at Simpsonville is part of the unified judicial system of South Carolina, it is immune from suit under the Eleventh Amendment. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

Greenville County is also not responsible for actions taken by any state courts within Greenville County. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *State ex rel. McLeod v. Civil and Criminal Court of Horry Cnty.*, 217 S.E.2d 23, 24 (S.C. 1975).

The Greenville County Detention Center is subject to summary dismissal because it is not "person" subject to suit under Section 1983. Inanimate objects – such as

3

buildings, facilities, and grounds – do not act under color of state law. Hence, the Greenville County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases). Therefore, the Greenville County Detention Center is entitled to summary dismissal as a party defendant.

      The plaintiff has failed to show that the events alleged in this case were the result of any governmental policy of the Simpsonville Police Department. *See Los Angeles Cnty. v. Humphries*, 131 S.Ct. 447 (2010); and *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Furthermore, the doctrine of respondeat superior (or supervisory liability) generally is inapplicable to § 1983 suits. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); and *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977). In fact, the Supreme Court has held that the term "supervisory liability" in the context of a Section 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (rejecting an argument that government officials can be held liable because they merely had knowledge of or acquiesced in a subordinate's misconduct). Even if prior Fourth Circuit case law on supervisory liability is still good law after *Iqbal*, *see Battle v. Ozmint*, C.A. No. 2:12-1350-CMC-BHH, 2013 WL 4522517, at *9 (D.S.C. Aug. 27, 2013) (noting question as to whether supervisory liability can be imposed after *Iqbal*), the plaintiff has not satisfied the requirements for imposing supervisory liability enunciated in cases such as *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (a plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff); and *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the notice on the next page.

October 6, 2014                                                         s/ Kevin F. McDonald
Greenville, South Carolina                                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).